IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN ALEXANDER VALLEJOS ZAMBRANO, | § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:26-CV-1309-K-BW |
| | § | |
| MARKWAYNE MULLIN, Secretary of Department of Homeland Security, et al., | § § § § | |
| Respondents. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Kelvin Alexander Vallejos Zambrano's

Emergency Motion for Temporary Restraining Order and/or Preliminary

Injunction.  (*See* Dkt. No. 2 ("TRO App.").)  The undersigned magistrate judge

recommends that the Court deny the motion.

Petitioner, who is detained by immigration authorities, alleges that his

detention is unlawful under 8 U.S.C. § 1226 and implementing regulations, the

Fourth Amendment, and the Fifth Amendment Due Process Clause.  (*See* Dkt. No.

1.)  Petitioner is seeking through his emergency motion precisely the same relief

sought by the habeas petition, but he is requesting that the Court grant that relief

immediately.  (*See* TRO App. at 29 ("Petitioner respectfully requests that the Court

---

[1] The habeas action has been automatically referred to the undersigned magistrate judge for case management pursuant to Special Order 3-251.  (*See* Dkt. No. 3.)

immediately grant his petition and this motion and issue a Temporary Restraining Order and/or Preliminary Injunction ordering his immediate release from ICE custody").)

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks." *Singh v. Acting Field Officer Director*, No. 3:26-CV-388-LS, 2026 WL 478934, at *1 (W.D. Tex. Feb. 11, 2026) (quoting *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) (brackets in original)); *accord Perez v. Noem*, No. 3:25-CV-2920-K-BN, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025) ("[A] TRO or preliminary injunction is not a device 'to give a plaintiff the ultimate relief he seeks' through his claims" (quoting *Peters v. Davis*, No. 6:17-CV-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 28, 2018))), *accepted* 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025). "Preliminary relief should 'not conclusively resolve legal disputes,' and thus a TRO is an inappropriate vehicle for granting ultimate relief." *Saechao v. Noem*, No. 3:26-CV-624-X, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026) (quoting *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025)). "Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO." *Id.* (citing *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026)); *see also Cano Alvarez v. S. Louisiana Processing Ctr.*, No. 26-696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes.").

The undersigned recommends that the Court DENY the emergency motion for a temporary restraining order or preliminary injunction.

**SO RECOMMENDED** on April 24, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).